**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

NORTHERN DISTRICT OF WEST VIRGINIA

Case number *(if known)* _____   Chapter  **11**

☐ Check if this is an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy  04/25

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| **1.** | **Debtor's name** | **NB Mountain Valley, DST** |
| **2.** | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names and *doing business as* names | |
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | **82-1605137** |

**4.  Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **1100 Via Callejon**<br>**Suite A**<br>**San Clemente, CA 92673**<br>Number, Street, City, State & ZIP Code | <br><br><br>P.O. Box, Number, Street, City, State & ZIP Code |
| **Orange**<br>County | **Location of principal assets, if different from principal place of business**<br>**1000 Mountain Valley Drive, Morgantown, WV 26508**<br>Number, Street, City, State & ZIP Code |

**5.  Debtor's website** (URL)   **https://www.liveatmountainvalley.com**

**6.  Type of debtor**

☐ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
■ Other. Specify:   **Delaware Statutory Trust**

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

■ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☐ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

____

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check **all** that apply*:

  ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

  ☐ A plan is being filed with this petition.

  ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

  ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.
☐ Yes.

| District | When | Case number |
|---|---|---|
| District | When | Case number |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
■ Yes.

| Debtor | NB Mountain Valley DST | | Case number (if known) | |
|---|---|---|---|---|
| | Name | | | |

List all cases. If more than 1, attach a separate list

| Debtor | NB Mountain Valley Leaseco, LLC | Relationship | |
|---|---|---|---|
| District | Northern District of West Virginia | When | |
| | | Case number, if known | |

**11. Why is the case filed in *this district*?**   *Check all that apply:*

- ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
- ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

- ■ No
- ☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

- ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
  - What is the hazard? _____
- ☐ It needs to be physically secured or protected from the weather.
- ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
- ☐ Other _____

**Where is the property?** _____
  Number, Street, City, State & ZIP Code

**Is the property insured?**
- ☐ No
- ☐ Yes.   Insurance agency _____
             Contact name _____
             Phone _____

### Statistical and administrative information

**13. Debtor's estimation of available funds**   *Check one:*
- ■ Funds will be available for distribution to unsecured creditors.
- ☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

- ■ 1-49
- ☐ 50-99
- ☐ 100-199
- ☐ 200-999
- ☐ 1,000-5,000
- ☐ 5001-10,000
- ☐ 10,001-25,000
- ☐ 25,001-50,000
- ☐ 50,001-100,000
- ☐ More than 100,000

**15. Estimated Assets**

- ☐ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ☐ $1,000,001 - $10 million
- ■ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million
- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

**16. Estimated liabilities**

- ☐ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ☐ $1,000,001 - $10 million
- ■ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million
- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **August 19, 2025**
MM / DD / YYYY

X **/s/ Patrick Nelson**
Signature of authorized representative of debtor

**Patrick Nelson**
Printed name

Title **Principal**

**18. Signature of attorney**

X **/s/ Stephen L. Thompson**
Signature of attorney for debtor

Date **August 19, 2025**
MM / DD / YYYY

**Stephen L. Thompson**
Printed name

**Barth & Thompson**
Firm name

**P.O. Box 129**
**Charleston, WV**
**25321**
Number, Street, City, State & ZIP Code

Contact phone **304-342-7111**    Email address **sthompson@barth-thompson.com**

**3751 WV**
Bar number and State

# AUTHORIZATION OF CHAPTER 11 BANKRUPTCY FILING
# NB MOUNTAIN VALLEY, DST, A DELAWARE STATUTORY TRUST

This AUTHORIZATION OF CHAPTER 11 BANKRUPTCY FILING of NB Mountain Valley, DST (the "Entity"), a Delaware statutory trust, is executed on this 18th day of August, 2025.

**WHEREAS**, on July 27, 2017, the Entity entered into various loan documents by and between and/or in favor of its initial lender, Prudential Multifamily Mortgage, LLC (the "Initial Lender") including that certain Multifamily Note (the "Note") dated July 27, 2017, in the principal amount of $23,383,000.00, executed by Entity and made payable to Initial Lender, the Multifamily Loan and Security Agreement dated July 27, 2017 (as amended and supplemented, the "Loan Agreement"), and the Credit Line Multifamily Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing, dated an effective as of July 27, 2017 (the "Security Instrument", and together with the Note and Loan Agreement, the "Loan Documents");

**WHEREAS**, subsequently, Initial Lender assigned all right, title and interest in and to the security interest and Loan Documents to Fannie Mae (the "Current Lender");

**WHEREAS**, on or about February 12, 2025, the Current Lender declared defaults under the Loan Documents;

**WHEREAS**, on or about March 31, 2025, Current Lender filed a complaint against Entity in the United States District Court for the Northern District of West Virginia (the "District Court") at case no. 25-cv-00028-TSK (the "Receiver Action") for breach of contract relating to the Loan Documents and sought the appointment of a receiver;

**WHEREAS**, on or about May 12, 2025, Chris Neilson of Trigild IVL (the "Receiver") was appointed as the Receiver in the Receiver Action and subsequently scheduled a foreclosure sale (the "Foreclosure Sale") for the Entity's real property (the "Property") for June 10, 2025;

**WHEREAS**, on or about June 4, 2025 the Entity obtained a stay of the Foreclosure Sale;

**WHEREAS**, following a series of pleadings and a hearing, the Entity received a notice that the Receiver had rescheduled the Foreclosure Sale for August 20, 2025;

**WHEREAS**, Entity believes that substantial equity exists in the Property that would be at substantial risk of loss in the event of a foreclosure;

**WHEREAS**, Entity reasonably believes that Entity, its creditors and investors (including the beneficiaries of Entity) would be best served by seeking the protections of the United States Bankruptcy Code and commencing a chapter 11 reorganization proceeding;

WHEREAS, NB Mountain Valley ST, LLC is the signatory trustee of the Entity (the "Signatory Trustee");

10593720.4

WHEREAS, as reflected in the Delaware Department of State Corporation registry, Sorensen Entity Services, LLC (the "Delaware Trustee") is the designated registered agent and trustee for the Entity; and

**WHEREAS**, the unanimous prior written consent of the Signatory Trustee and the Delaware Trustee is required in order to commence a voluntary bankruptcy proceeding for the Entity.

**NOW THEREFORE, IT IS HEREBY**

1. **Commencement of Chapter 11 Case**

**RESOLVED** that Entity shall be, and hereby is, authorized to file or cause to be filed a voluntary petition for relief under the provisions of chapter 11 of title 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Northern District of West Virginia, or another bankruptcy court having competent jurisdiction; and it is further

**RESOLVED** that Patrick Nelson, Manager and President of the Entity (the "Authorized Person"), is hereby authorized, empowered, and directed to execute and file on behalf of Entity all motions, papers, documents, or other filings, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of Entity's business and the Property; and it is further

**RESOLVED**, that the Authorized Person be, and hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Entity, to take and perform any and all further acts and deeds that the Authorized Person deems necessary, appropriate, or desirable in connection with the Entity's bankruptcy case and in furtherance of the restructuring of the Entity's debts and obligations, all as consistent with these resolutions and to carry out and put into effect the purposes of these resolutions, and the transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions; and it is further

2. **Retention of Advisors**

**RESOLVED** that the following professionals be engaged and retained on behalf of the Entity: (i) Raines Feldman Littrell LLP as general bankruptcy counsel; (ii) financial advisors and consultants, if deemed necessary or appropriate by the Authorized Person; (iii) an investment banker, if deemed necessary or appropriate by the Authorized Person; (iv) a claims and/or noticing agent, if deemed necessary or appropriate by the Authorized Person; and (v) any other professionals deemed necessary and in the best interests of the Entity; each to represent and assist the Entity in carrying out its duties and responsibilities under the Bankruptcy Code and applicable law, and to take any and all actions to advance the Entity's rights and interests (including, without limitation, the law firms filing any pleadings and responses, and making any filings with regulatory agencies or other governmental authorities); and it is further

**RESOLVED** that the Authorized Person be, and hereby is, authorized, directed and empowered, on behalf of and in the name of the Entity, to execute appropriate retention agreements

2

10593720.4

with and pay appropriate retainers to the foregoing professionals and such other professionals as they deem necessary, appropriate or desirable, upon such terms and conditions as they shall approve, to render services to the Entity, and to cause to be filed appropriate applications for authority to retain the services of such professionals; and it is further

3. **Financing**

**RESOLVED** that the Authorized Person hereby is, authorized, directed and empowered, on behalf of and in the name of the Entity, to negotiate and obtain postpetition financing and/or use of cash collateral, including under one or more debtor-in-possession credit facilities, as the Authorized Person deems necessary, appropriate, or desirable in connection with the Entity's bankruptcy case and to carry out and put into effect the purposes of these resolutions; and to enter into any guarantees and to pledge and grant liens on the Entity's assets in support of such financing, and in connection therewith to execute appropriate loan agreements and related ancillary documents; with the actions of the Authorized Person taken pursuant to this resolution, including the execution, acknowledgement, delivery and verification of all such financing related documents, being deemed conclusive evidence of the approval and the necessity, desirability or appropriateness thereof; and it is further

**RESOLVED** that the Authorized Person be, and hereby is, authorized, directed and empowered, on behalf of and in the name of the Entity, to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with any such financing transaction(s) and all fees and expenses incurred by or on behalf of the Entity in connection with these resolutions, in accordance with the terms of any financing related documents, which shall in his sole discretion be necessary, appropriate, or desirable to perform any of the Entity's obligations under or in connection with such financing arrangements and to carry out fully the intent of these resolutions; and it is further

4. **General**

**RESOLVED**, that the Authorized Person be, and hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Entity, to take and perform any and all further acts or deeds, including (a) the negotiation of such additional agreements, amendments, modifications, supplements, consents, waivers, reports, documents, instruments, applications, notes or certificates not now known but which may be required, (b) the execution, delivery, performance and filing (if applicable) of any of the foregoing, and (c) the payment of all fees, consent payments, taxes, indemnities and other expenses, as the Authorized Person, in his sole discretion, may approve or deem necessary, appropriate, or desirable to carry out the intent and accomplish the purposes of the foregoing resolutions and the transactions contemplated thereby, all of such actions, executions, deliveries, filings, and payments to be conclusive evidence of such approval or that the Authorized Person deemed the same to meet such standard; and it is further

**RESOLVED**, that any person dealing with the Authorized Person in connection with any of the foregoing matters shall be conclusively entitled to rely upon the authority of the Authorized Person and by his execution of any document, agreement or instrument, the same to be a valid and binding obligation of such Entity enforceable in accordance with its terms; and it is further

3

10593720.4

**RESOLVED**, that the Authorized Person is hereby authorized to certify and deliver to any person to whom such certification and delivery may be deemed necessary or desirable in the opinion of the Authorized Person, a true copy of the foregoing resolutions; and it is further

**RESOLVED**, that all actions heretofore taken, and all agreements, instruments, reports and documents executed, delivered or filed through the date hereof, by the Authorized Person of the Entity in, for and on behalf of the Entity, in connection with the matters described in or contemplated by the foregoing resolutions, are hereby approved, adopted, ratified and confirmed in all respects as the acts and deeds of the Entity as of the date such action or actions were taken.

**SIGNATORY TRUSTEE**
**NB MOUNTAIN VALLEY ST, LLC, a Delaware limited liability company**

By: _[Signed by: /s/ — 0CE999C1D50A4C0...]_

Name: Patrick Nelson

Its: CEO

**DELAWARE TRUSTEE**
**SORENSEN ENTITY SERVICES, LLC**

By: _[signature]_

Name: Chris Sorensen

Its: President

4

10593720.4

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **NB Mountain Valley, DST** |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF WEST VIRGINIA |
| Case number (if known) | |

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.**  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule*
- ■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **August 19, 2025**     X  /s/ Patrick Nelson
Signature of individual signing on behalf of debtor

**Patrick Nelson**
Printed name

**Principal**
Position or relationship to debtor

Fill in this information to identify the case:

Debtor name: **NB Mountain Valley, DST**

United States Bankruptcy Court for the: **NORTHERN DISTRICT OF WEST VIRGINIA**

Case number (if known):

☐ Check if this is an amended filing

Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Chris Sorensen Sorensen Entity Services LLC 1201 N. Orange St., Suite 7044 Wilmington, DE 19801 | | | Contingent | | | Unknown |
| Treasurer of the County of Monongalia 243 High Street Morgantown, WV 26505 | | Taxes | | | | $104,555.02 |

**United States Bankruptcy Court**
**Northern District of West Virginia**

In re  **NB Mountain Valley, DST**                                Case No.
                             Debtor(s)                             Chapter  **11**

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **To Be Provided** | | | |

**DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP**

　　　　I, the **Principal** of the Delaware Statutory Trust named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date  **August 19, 2025**                          Signature  **/s/ Patrick Nelson**
                                                                **Patrick Nelson**

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

Sheet 1 of 1 in List of Equity Security Holders

NB Mountain Valley, DST
1100 Via Callejon
Suite A
San Clemente, CA 92673


Stephen L. Thompson
Barth & Thompson
P.O. Box 129
Charleston, WV 25321


Bader C. Giggenbach
P.O. Box 764
154 Pleasant Street
Morgantown, WV 26505


Chris Neilson
Trigild IVL
8111 Douglas Avenue
Suite 600
Dallas, TX 75225


Chris Sorensen
Sorensen Entity Services LLC
1201 N. Orange St., Suite 7044
Wilmington, DE 19801


Fannie Mae
c/o Prudential Multifamily Mortgage LLC
2100 Ross Avenue, Suite 2500
Dallas, TX 75201


Jeffrey G. Wilhelm
ReedSmith LLP
225 Fifth Avenue
Pittsburgh, PA 15222


Tammie C. Alexander
Steptoe & Johnson
1000 Swiss Pine Way, Suite 200
Morgantown, WV 26501


Treasurer of the County of Monongalia
243 High Street
Morgantown, WV 26505